UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS FACKRELL,<br><br>      Petitioner,<br><br>  v.<br><br>JIM WOOLF,[1]<br><br>      Respondent. | Case No. 1:14-cv-00431-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

   Pending before the Court is Petitioner Nicholas Fackrell's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, and Petitioner has filed a response. (Dkt. 12, 15.) The Motion is now ripe for adjudication.

   The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is not necessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

---

[1]  Jim Woolf, the warden of the facility in which Petitioner is currently confined, is substituted for Steve Little, the warden of the facility in which Petitioner was previously confined. *See* Dkt. 16; Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on March 6, 2015. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Fackrell v. State*, Case No. 36133, Op. 738 (Idaho Ct. App. 2009) (unpublished), which is contained in the record at State's Lodging C-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner entered an *Alford* plea of guilty[2] in the Seventh Judicial District in Bonneville County, Idaho, to burglary. He was sentenced to ten years in prison with four years fixed. (State's Lodging A-2 at 1-2.) Petitioner's judgment of conviction was entered on October 5, 2007 (*id*.), and he did not file a direct appeal (State's Lodging C-4 at 1). Petitioner did, however, file a motion for reduction of sentence pursuant to Idaho Criminal Rule 35. (State's Lodging A-4 at 2.) The trial court denied the motion on November 14, 2007, and Petitioner did not appeal that denial. (*Id*.)

On March 5, 2008, Petitioner filed a motion for credit for time served in the state district court. (State's Lodging A-4 at 2.) This motion was granted on March 8, 2010; Petitioner received 235 days of credit to "be applied at the end of any mandatory

---

[2]     **Error! Main Document Only.**An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 2**

minimum sentence, or in the absence thereof, at the conclusion of any indeterminate sentence." (*Id.*)

On September 8, 2008,[3] while his motion for credit for time served was still pending, Petitioner filed a state petition for postconviction relief. (State's Lodging B-1 at 3-12.) The trial court denied the petition following a hearing. (*Id.* at 29-30.) Petitioner appealed. The Idaho Court of Appeals affirmed on December 22, 2009. (State's Lodging C-4.) The Idaho Supreme Court denied review and issued the remittitur in Petitioner's postconviction appeal on April 22, 2010. (State's Lodging C-7, C-8.)

On December 13, 2013, Petitioner filed a second Rule 35 motion for reduction of sentence. (State's Lodging A-4 at 2.) The state district court denied Petitioner's Rule 35 motion on February 25, 2015. (State's Lodging A-3 at 1-2.) It does not appear that Petitioner filed an appeal from that denial.

Petitioner filed the instant federal petition, at the earliest, on October 4, 2014.[4] In its Initial Review Order, the Court construed the instant federal habeas corpus petition as asserting the following two claims:

> Claim 1:    Due process violations because the sentencing statute is unconstitutional, or because Petitioner had three felonies involving alcohol and his crimes of conviction were unplanned.

---

[3]    Petitioner's postconviction petition was received by the state district court on September 10, 2007. However, Idaho courts follow the prison mailbox rule, which provides that a pro se inmate's postconviction petition is deemed filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996). Because Petitioner signed his pleading on September 8, 2008, the Court assumes that Petitioner delivered it to prison authorities for mailing on that same day.

[4]    The mailbox rule applies to the federal Petition in this case. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 3**

Claim 2:       Violation of Petitioner's Sixth Amendment
               right to effective assistance of counsel based on
               Petitioner's allegations that he did not possess
               the property involved in the crime, that the
               statute of limitations for burglary is five years,
               and that a victim's statement was included in
               the presentence investigation report called into
               question Petitioner's guilt.

(Dkt. 7 at 2, citing Dkt. 3 at 6-7.)

In his memorandum in opposition to the Motion for Summary Dismissal,

Petitioner has clarified his claims to some extent. In Claim 1, Petitioner asserts that his

actions in committing the crime for which he was convicted, as well as his predicate

crimes, were unplanned, as a result of his having consumed twelve alcoholic drinks

before he committed the crimes. Based on his alcohol consumption, as well as his alleged

social independence disorder, Petitioner claims that being required to serve his full

sentence, rather than being paroled after the fixed portion of his sentence, violates his

right to due process under the Fourteenth Amendment or his Eighth Amendment right

against cruel or unusual punishment. (Dkt. 15 at 1-2.)

With respect to Claim 2, Petitioner has clarified his argument as well. Petitioner

asserts in Claim 2 that his burglary conviction violates due process because an element of

the offense is missing—Petitioner alleges that he could not have stolen the property of

another because there was no such property at all.[5] (*Id*. at 3.)

---

[5]        The Court notes that in Idaho, the elements of the offense of burglary are (a) an entry (b) into a
qualifying structure (such as a house or apartment) (c) with the intent to commit a theft *or* "any felony."
Idaho Code § 18-1401. Contrary to Petitioner's belief, the statute does not require that the defendant have
actually stolen any property once inside the structure. *See State v. McCormick*, 594 P.2d 149, 152-53
(Idaho 1979).

**MEMORANDUM DECISION AND ORDER - 4**

**DISCUSSION**

Rule 4 of the Habeas Rules authorizes the Court to dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Respondent contends that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. (Dkt. 12.) The Court need not address Respondent's procedural default argument. The instant Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is entitled to only some statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

**1.     Statute of Limitations Standards of Law**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.[6] *See* 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6]     The one-year limitations period must be considered in conjunction with Federal Rule of Civil Procedure *6(a)*, so that a petitioner actually has *366 days* from the date the statute of limitations is triggered to file a petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Rule 6(a) to AEDPA's limitations period and excluding the day the conviction became final).

**MEMORANDUM DECISION AND ORDER - 5**

> (B)    the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C)    the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (D)    the date on which the factual predicate of the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

Petitioner's case involves subsection (d)(1)(A)—his conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review. Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to
> this Court, the judgment becomes final at the "conclusion of
> direct review"—when this Court affirms a conviction on the
> merits or denies a petition for certiorari. For all other
> petitioners, the judgment becomes final at the "expiration of
> the time for seeking such review"—when the time for
> pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Because Petitioner did not file a direct appeal, his conviction became final on November 16, 2007, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a

**MEMORANDUM DECISION AND ORDER - 6**

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any postconviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can still consider the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a

**MEMORANDUM DECISION AND ORDER - 7**

petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Although a petitioner asserting actual innocence, as opposed to equitable tolling, to overcome the statute of limitations need not prove diligence, "a court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *McQuiggen*, 133 S. Ct. 1935 (internal quotation marks and alterations omitted).

**2.      The Claims in the Petition Are Barred by the Statute of Limitations**

   ***A.      The Petition Was Not Timely Filed***

As stated earlier, Petitioner's conviction because final on November 16, 2007. Absent tolling, the statute of limitations period would have expired on November 16, 2008. Petitioner filed his Petition in this Court on October 4, 2014. Thus, the claims in the Petition are barred by AEDPA's one-year statute of limitation unless Petitioner establishes that he is entitled to sufficient statutory or equitable tolling or that he is actually innocent.

**MEMORANDUM DECISION AND ORDER - 8**

**B.**      ***Petitioner Has Not Established that He Is Entitled to Tolling Sufficient to Render His Petition Timely***

  i.  <u>Statutory Tolling</u>

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In state court,  Petitioner filed two motions for reduction of sentence, a motion for credit for time served, and a postconviction petition during the years following his conviction. However, even assuming that all of these state court proceedings were "properly filed" so as to entitle Petitioner to statutory tolling, Petitioner still filed his federal Petition several years too late.

Because Petitioner filed his first Rule 35 motion before his conviction became final (*see* State's Lodging A-4 at 2), the one-year statute of limitations did not begin to run until his Rule 35 proceedings concluded. Petitioner had 42 days from the date of the trial court's November 14, 2007 denial of that motion within which to file an appeal, but he did not do so. Therefore, Petitioner's first Rule 35 proceedings concluded—and the statute of limitations began to run—on December 26, 2007 (42 days after November 14, 2007).

Petitioner instituted his next collateral proceeding on March 5, 2008, when he filed his motion for credit for time served. Therefore, the limitations period had run for 70 days—from December 26, 2007 to March 8, 2008. At that point, Petitioner had 296 days remaining in the statute of limitations period (366 days minus 70 days). Although

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner's motion for credit proceedings concluded on March 8, 2010, the statute of limitations did not begin to run again on that date because Petitioner's state petition for postconviction relief—which he filed before the trial court ruled on his motion for credit for time served—remained pending.

The statute of limitations was therefore tolled until the conclusion of Petitioner's state postconviction proceedings on April 22, 2010, when the Idaho Supreme Court issued its remittitur following the postconviction appeal. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001) (stating that decisions of the Idaho Supreme Court are final when the remittitur is issued). The statute of limitation began to run again on that date.

Petitioner did not institute another collateral attack on his conviction or sentence until he filed his second Rule 35 motion on December 13, 2013. Thus, the limitations period ran for an additional 1,331 days. The instant Petition was filed while the second Rule 35 motion was still pending, on October 4, 2015.

Therefore, even assuming that all of the periods of time during which a collateral attack was pending in state court qualify for statutory tolling, a total of 1,401 days (70 days plus 1,331 days) remained untolled by the time Petitioner filed the instant Petition—a period far exceeding the allowable 366 days. Thus, statutory tolling is insufficient to account for all of Petitioner's delay in filing his federal Petition.

        ii.        Equitable Tolling

The Court next considers whether equitable tolling can be applied to toll the remaining time period that is not subject to statutory tolling. Petitioner states that he

**MEMORANDUM DECISION AND ORDER - 10**

suffers from alcoholism and social independence disorder, but he has not met his high

burden of showing that he acted diligently in pursuing his rights or that these issues

actually caused him to miss the statute of limitations deadline by several years. *Holland*,

560 U.S. at 649; *Ramirez*, 571 F.3d at 997. Thus, Petitioner has not established that he is

entitled to equitable tolling.

### C.    *Petitioner Has Not Established That He Is Actually Innocent*

For a petitioner to take advantage of the actual innocence exception to the statute

of limitations, the evidence of the petitioner's innocence "must be 'so strong that a court

cannot have confidence in the outcome of the trial unless the court is also satisfied that

the trial was free of nonharmless constitutional error.'" *Lee*, 653 F.3d at 937-38 (quoting

*Schlup v. Delo*, 513 U.S. 298, 316 (1995). This standard is extraordinarily high, and the

actual innocence timeliness exception is limited to a "narrow class of cases." *Id.* at 937.

The actual innocence exception "requires a petitioner "to support his allegations of

constitutional error with new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *Id.* at 938 (internal quotations omitted).

Petitioner has simply not met this stringent burden of showing actual innocence so

as to be excused from his failure to comply with the statute of limitations. He has

provided no new exculpatory evidence, and the mere fact that he might have been

intoxicated when he committed burglary does not establish his innocence.

**MEMORANDUM DECISION AND ORDER - 11**

## CONCLUSION

Petitioner did not file his federal habeas Petition within one-year after his conviction became final. Though Petitioner is entitled to some statutory tolling, that tolling is insufficient to account for the entire delay. Because Petitioner has not established that he is entitled to equitable tolling for the remaining delay or that he is actually innocent, the Court must dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

2.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED:  December 9, 2015

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**